GRAY v. GREEN.

*(Supreme Court, General Term, First Department. July 9, 1889.)*

LIMITATION OF ACTIONS—PARTNERSHIP—ACCOUNTING.

When there is a considerable amount of assets uncollected and debts unpaid at the dissolution of a partnership, and no complaint is made to the liquidating partner by the others that he is not adjusting the affairs of the firm with sufficient dispatch, a period of a little less than two years is not an unreasonable delay in settling the business, and the statute of limitations does not begin to run against an action for an accounting between the partners within that time.

Appeal from judgment on report of referee.

Action by Henry W. Gray against George T. Green, for a settlement of partnership accounts. Judgment for plaintiff and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*Whitehead & Suydam,* for appellant. *Dos Passos Bros., (Charles C. Shelton,* of counsel,) for respondent.

VAN BRUNT, P. J. The question involved upon this appeal is whether the claim of the plaintiff was or was not barred by the statute of limitations. Upon this question this case has previously been before the general term, (41 Hun, 524,) and it was determined that, notwithstanding the firm had been dissolved by the act of the parties more than 10 years prior to the commencement of this action, yet that, because the estate of the copartnership had not been completely settled, the statute did not run, as the law will permit a reasonable time to be taken for the completion of the partnership affairs before a right of action will accrue. Whatever my opinion might be in respect to the proper construction of section 388 of the Code, it must be governed by the previous adjudication in the case at bar; and, if the settlement of the business of the firm was not prolonged by unnecessary delay or misconduct on the part of the plaintiff, no right of action accrued. It is urged upon the part of the appellants that by the evidence which they have introduced they have shown that there has been unnecessary delay in the settlement of the affairs of the copartnership, and that its condition at the time of dissolution was such that its affairs could be settled in a very short time. The learned referee, upon the evidence which was presented, found that the plaintiff has faithfully and without unreasonable delay executed his trust in respect to the settlement and adjustment of the affairs of the copartnership. There was more than evidence sufficient to justify the learned referee in this conclusion. It may be true that, had he found differently upon this point, such finding would have been sustained. But unless there was evidence produced before him which he was bound to consider, and by which his judgment should have been governed, there is no reason for disturbing this finding simply because a finding by the trial court of an opposite conclusion might be sustained under the evidence. There were a considerable number of transactions in which the copartnership was interested, which were unliquidated at the time of the dissolution in question. It is true that a considerable length of time has been taken by the plaintiff in the final settlement of these accounts. But it must be borne in mind that the dissolution in question took place on the 21st of October, 1872, and this action was commenced on the 5th of August, 1884, so that but two years delay in the settlement of these accounts is to be accounted for in order to prevent the running of the statute according to the decision of this case when it was before the general term upon the previous appeal. We cannot see, upon an examination of this proof, that the plaintiff could have settled this business within two years after the dissolution of this copartnership. No complaint of delay in the settlement of the affairs of the copartnership was ever made by the defendant, nor was the plaintiff ever requested or notified to wind up and settle the affairs of the copartnership in any other manner, or in any shorter or other time, than he was employing in winding up and settling the same. It appears that at the time of the dissolution there were debts of the firm still left to be paid, and assets to be collected, and until this was done the true pecuniary relations of the two parties to the firm could not be ascertained and closed. As the learned referee has stated in his opinion that it might be that the affairs of this concern might have been closed sooner by the parties, yet, upon an examination of the whole case, we do not find that it exhibits such a lack of administration on the plaintiff's part as to make the statute of limitations available as a defense in this case under the principles heretofore laid down. We

think, therefore, that the evidence is not of such a character as would necessarily authorize the defendant to avail himself of the statute of limitations. The judgment should be affirmed, with costs.

DANIELS, J., concurs.

BARRETT, J.   I concur, feeling bound by the previous decision.